IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TYKISHA DAVIS ) | |
| ) | Case No. 3:20-cv-00619 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Holmes |
| GILEAD SCIENCES, INC. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the parties' dispute over the proper scope and specific protections of a discovery protective order. (Docket No. 17.) By order entered on May 3, 2021, Judge Trauger referred the dispute to the undersigned for disposition. (Docket No. 20.) The undersigned has reviewed the parties' joint discovery dispute statement and finds that this matter can be resolved on the filed submissions. For the following reasons, the Court finds that a protective order is appropriate on the terms and conditions provided in the protective order entered separately.

**A.    Background**

Familiarity with this case is presumed and the underlying facts and procedural history are not again recited here except as necessary to explain or give context to the Court's ruling.[1] This is an employment discrimination case in which Plaintiff alleges causes of action for race and gender discrimination, retaliation, hostile work environment, and an equal pay claim. Plaintiff served discovery requests on Defendant for production of, among other information, salaries of nonparty employees of Defendant. The parties generally agree on the need for a protective order,

---

[1] The recited facts and history are taken from the parties' Joint Discovery Dispute Statement (Docket No. 17) and, unless otherwise noted, are undisputed.

but have reached an impasse over three specific provisions dealing with (i) to whom confidential information[2] produced in discovery may be disseminated, (ii) filing confidential information under seal, and (iii) the use of pseudonyms or initials when identifying comparators in court filings.

Defendant argues for a more restrictive dissemination of confidential information. Defendant also contends that the receiving party intending to use confidential information must give advance notice to the producing party. Defendant also requests that the parties refer to comparators by pseudonyms or abbreviations in summary judgment filings.

Plaintiff counters that the restrictive dissemination urged by Defendant "unreasonably interferes with Plaintiff's investigation of her claims and Defendant's defenses." (Docket No. 17 at 9.) Plaintiff also maintains that Local Rule 5.03 adequately provides procedures for filing documents under seal and requires no advance notice to the producing party.

### B. Legal Standards and Analysis

Federal Rule of Civil Procedure 26(c)(1) permits entry of a protective order "for good cause" when necessary to prevent "annoyance, embarrassment, oppression, or undue burden" including forbidding the disclosure of certain information or requiring that confidential information, including trade secrets, be disclosed under specific terms. Fed. R. Civ. P. 26(c)(1).[3] The party seeking a protective order bears the burden of establishing good cause. *Nix v. Sword*,

---

[2] The Court uses the description of "confidential information" solely for ease of reference to information that is produced by a party in discovery with that designation. As provided for in the protective order entered separately, a party's designation of information as "confidential" for discovery purposes is not binding on the Court, including for purposes of determining whether to restrict public access to such information if offered as part of the record in this case.

[3] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

2

11 F. App'x 498, 500 (6th Cir. 2001). However, if confidential information is sought, the burden is on the party seeking discovery to "offer proof that the protective order would substantially harm [her] ability to collect the evidence necessary for prosecution of [her] case." *Knoll v. American Tel. & Tel. Co.*, 175 F.3d 359, 365 (6th Cir. 1999) (internal citation omitted). Rule 26(c) provides the trial court with "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In contrast, the Sixth Circuit has expressly cautioned against conflating the standards for a protective order under Rule 26 with the "vastly more demanding standards for sealing off judicial records from public view." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307, (6th Cir. 2016). Additionally, precedential authority directs that, in sealing records, the district court must set forth specific findings and conclusions that "justify nondisclosure to the public," even if neither party objects to the motion to seal. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)); *see also Beauchamp v. Federal Home Mortgage Corp.*, 658 F. App'x 202, 207-08 (6th Cir. 2016) (district court orders to seal documents vacated *sua sponte* for lack of findings and conclusions to justify withholding documents from the public).[4] Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statue to be maintained in confidence … is typically enough to cover the presumption of [public] access." *Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (6th

---

[4] The proponent of sealing must provide compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons—specifically, by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 207 (6th Cir. 2016) (quoting *Shane Grp, Inc. v. Blue Cross Blue Shield of Michigan*, *supra*).

3

Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)). A protective order in a case is insufficient cause for sealing a document. *Id.*

Here, the Court finds that a protective order is warranted for discovery of the salaries and other personnel information of nonparty employees. *Knoll* 175 F.3d at 365 ("Such protective orders are commonly granted … as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation.") (internal citations omitted). Regarding the first disputed issue, the scope of dissemination of information produced as confidential, the Court finds that Plaintiff's proposed language is overly broad. As to the second and third issues, filing documents under seal or in some other way requesting restricted access, such as referring to comparators by pseudonyms, the Court finds that Local Rule 5.03 governs these matters and provides the mechanisms for the parties to proceed.

**Dissemination of confidential information**

The specific language in dispute is whether dissemination can be limited, as Defendant proposes, in addition to the parties, court reporters, and the Court, to:

> Outside counsel employed by the Parties with responsibility for this matter <u>and</u> who have entered an appearance in this matter, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this matter and the employees of said organizations; Experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for trial or settlement, and the employees or agents for these consultants and experts, but excluding any person regularly employed by a party and any person whose testimony will consist of lay opinions rather than expert opinions; The authors, addressees or originators of the "Confidential Information;
>
> Potential witnesses for trial or any other hearing or proceeding in this litigation (hereafter "witnesses") with a need to know confidential information, provided that such documents will remain in sole possession of his/her counsel and provided that any potential witness agrees to comply with the terms of this Protective Order;

4

> Such other persons as hereafter may be designated by written agreement of all parties or by order of the Court.

(Docket No. 17-1 at 3-4.) Plaintiff contends that her language of allowing dissemination to outside individuals consisting of

> any person who is called upon to assist counsel in counsel's understanding of relevant facts or to assist counsel in the preparation of his/her client's case, provided that any such person who is not a Party to this case must agree to be bound by this Agreed Protective Order and provided further that such persons may not retain any Documents designated as Confidential Information (Docket No. 17-2 at 3-4)

adequately limits disclosure and dissemination. The Court disagrees.

Defendant's proposed limiting language includes legal staff and outside litigation support experts or consultants whom Plaintiff or her counsel retain for assistance in preparation of the case, as well as potential witnesses. This is a broad universe of parties with a specific purpose for knowing the confidential information. Plaintiff's proposed language, however, is much more general and because of the lack of specificity, more difficult to enforce. For instance, what is meant by "called upon"? That could be any assistance from formal retention to a casual conversation. The Court recognizes that Plaintiff's proposed language includes the limitation that the person must agree to be bound by the protective order. Nevertheless, that requirement is not enough, given the breadth of the provision.

**Restricting access to information produced as confidential in discovery**

The Court finds that Defendant's proposed procedures for advance notice of a party's intent to file documents under seal are unnecessary and inconsistent with the standards articulated by the Sixth Circuit in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, (6th Cir. 2016), and subsequent cases. There is no need for a party intending to use information produced

5

as confidential in discovery to give advance notice to the producing party. Local Rule 5.03 provides for all the concerns raised by Defendant.

First, Defendant's proposed language does not correctly describe the procedures under Local Rule 5.03. Defendant's language suggests that the party moving to file a document under seal must show the bases for such relief, without regard to whether the filing party designated the information as confidential. However, Local Rule 5.03(b) makes clear that the burden of demonstrating the heightened standard for restricting public access to the information remains with the designating party even if the designating party is not the one seeking to file the information. *See* Local Rule 5.03(b).

The procedures described in Local Rule 5.03 specifically contemplate and allow for the possibility of a contest over whether public access to information is properly restricted. The ordinary motion process provided for in Local Rule 5.03(a) and (b) (and by reference, Local Rule 7.01) requires no more and no less action by the Court than a discovery dispute over whether a motion to seal can be filed in the first place, which is the procedure Defendant suggests.[5]

---

[5] Further, because there appears to be some confusion about the procedures under Local Rule 5.03, the Court clarifies those procedures here. As provided for in that rule and in the referenced ECF procedures, the document is filed under seal with an accompanying motion to seal. Further, the party filing the motion to seal should also separately file a redacted version of the filing, unless impracticable. *See* Local Rule 5.03(c). If the party filing the motion to seal and seeking to use the information is the party that designated the information as confidential, that party bears the burden of demonstrating the bases for restricting public access under Sixth Circuit authority in the memorandum of law accompanying its motion to seal. However, if the party filing the motion and seeking to use the information is not the designating party, the motion to seal is perfunctory and the designating party must file a response to the motion to seal with supporting facts and legal authority that demonstrate the standards for restricting public access to the information designated as confidential for discovery purposes. *See* Local Rule 5.03(b). Either way, the filing remains under seal until the Court rules on the motion to seal, after the parties have had an opportunity to address the bases for restricting public access and to request any other relief should the motion to seal be denied.

6

However, the Court does not fully agree with Plaintiff's proposal, which appears to suggest that the receiving (non-designating) party has no obligation to file a document containing confidential information under seal. While it is clear in the Sixth Circuit that designation of information as confidential pursuant to a protective order for discovery purposes is not a sufficient basis to restrict public access to that document, *Rudd Equipment Co.,* 834 F.3d at 594-95, the Court's local rules do not impose an undue burden on the receiving party that wants to use the information. As noted above, Local Rule 5.03(b) already allows for the receiving party to file a simple, obligatory motion to seal, to which the designating party must then respond with the specific factual and legal authority supporting restriction of public access. This rule strikes the appropriate balance of allowing for a broad exchange of information by parties in discovery and use of that information in the litigation by compliance with the Sixth Circuit's standards for sealing judicial records from public view.

**Use of pseudonyms in summary judgment motions**

Here, too, the Court finds an appropriate balance in the use of confidential information, and one that does not impose an unreasonable burden on the parties. If either party intends to use comparator references and those comparator references have been designated as Confidential Information, the party wanting to use the information may do so by using pseudonyms or abbreviations in a so-called redacted version with an accompanying motion to seal the unredacted version with full names, which can be filed under seal pending resolution of the motion to seal. *See* Local Rule 5.03(a), (b), and (c). The parties can, at that time, make any arguments for allowing the unredacted version with full nonparty employee names to remain under seal. The Court declines to make a determination of the propriety of restricting public access to any information in the context of a discovery protective order.

## C. Conclusion

For these reasons, the Court finds a protective order with the terms and conditions discussed above, and the additional provisions about which there is no contest, is appropriate. A protective order is entered separately.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

8

Case 3:20-cv-00619   Document 23   Filed 05/18/21   Page 8 of 8 PageID #: 123